UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
OCT -6 PM 3:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 6 1997

REBECCA BEDDINGFIELD, )
LARRY BEDDINGFIELD, )
BEDDINGFIELD CONSTRUCTION, )
 )
    Plaintiffs, )
 )
vs. ) Civil Action No. CV97-S-709-NE
 )
PROTECT AMERICA, INC., )
JOHN EVANS, )
 )
    Defendants. )

## MEMORANDUM OPINION

This action is before the court on plaintiffs' motion to compel discovery. Plaintiffs' claims arise from the sale of a home security system: they seek damages for fraud, misrepresentation, breach of contract, and invasion of privacy. Their motion to compel seeks information requested in certain interrogatories and requests for production to which defendant Protect America, Inc. filed objections. Upon consideration of the motion, response by Protect America, pleadings, and oral arguments, the court concludes the motion is due to be granted in part, but denied in part.

### I. INTERROGATORY THREE

Plaintiffs' interrogatory three requested "the name, last known residence address and telephone number of each employee of the Defendant residing in Madison County, Alabama, as of: (a) October 1, 1996; (b) March 1, 1997." Protect America objected on the grounds that the requested information was "irrelevant, inadmissable and overly broad and burdensome." The court sustains that objection, and the motion to compel discovery related to interrogatory number three is due to be denied.

10

## II. INTERROGATORY TEN

Interrogatory ten requested "the name, residence address and telephone number of each person, partnership or corporation, to whom Defendant has sold a security protection system within the North Alabama area within the last three (3) years." Protect America objected on the grounds that the requested information "is irrelevant, inadmissible and overly broad and burdensome and seeks information that is confidential customer information." The court sustains that objection, and the motion to compel discovery related to interrogatory ten is due to be denied.

## III. REQUEST FOR PRODUCTION THREE

Request for production three asked Protect America to "[p]roduce a copy of the entire personnel file maintained on the Defendant, John Evans, co-defendant named in this lawsuit." Protect America objected on the grounds that the request sought personal and confidential information, but agreed to produce the personnel file pursuant to court order. Thus, the court overrules the objection, and the motion to compel with regard to request three is due to be granted, contingent upon the parties' submission of an appropriate protective order for the court's approval.

## IV. REQUEST FOR PRODUCTION FIVE

Request for production five asked Protect America to "[p]roduce each and every contract for a security system or monitoring system ever sold, solicited, or entered between this Defendant by its employee, co-defendant John Evans, and any other person." Protect America objected on the grounds that the

2

requested information was "irrelevant, immaterial, inadmissible, overly broad and burdensome, and not reasonably calculated to lead to admissible evidence." The court sustains that objection, and the motion to compel related to request for production five is due to be denied.

## V.   REQUEST FOR PRODUCTION NINE

Request for production nine asked Protect America to "[p]roduce written sales plans, incentives, discounts, marketing tools, training materials which were in effect on the dates agreements were purportedly entered with the Plaintiffs." Protect America objected on the grounds that the requested information was "confidential, irrelevant, immaterial, inadmissible, overly broad and burdensome, and not reasonably calculated to lead to admissible evidence." The court finds that the requested information is relevant to plaintiffs' allegations of fraud and misrepresentation, therefore, the objection is overruled. Even so, the court grants the motion to compel with regards to request ten, contingent upon the parties' submission of an appropriate protective order for the court's approval.

## VI.   CONCLUSION

For the foregoing reasons, the court concludes the motion to compel is due to be denied with regards to interrogatories three and ten, and also denied with regards to request for production five. The motion to compel is due to be granted with regards to requests for production three and nine, contingent upon the parties' submission of an appropriate protective order for the

3

court's approval. An order consistent with this opinion will be entered contemporaneously herewith.

**DONE** this the 6th day of October, 1997.

United States District Judge

4